IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN IACONA and
ROBERT WEYMOUTH,
    Appellants,

v.

HOMETOWN REHOBOTH BAY, LLC,
    Appellee.

:
:
:
:
:
:
:
:
:
:

C.A. No. S17A-04-001 RFS

## **MEMORANDUM OPINION**

Submitted: March 14, 2018
Decided: May 1, 2018

Upon Appellee's Motion to Dismiss or Otherwise Limit the Scope of Appeal.
Denied.

Brian S. Eng, Esq., Community Legal Aid Society, Inc., 840 Walker Road, Dover, Delaware 19904, Attorney for Appellants.

Michael P. Morton, Esq. & Nicole M. Faries, Esq., Michael P. Morton, P.A., 3704 Kennett Pike, Suite 200, Greenville, Delaware 19807, Attorneys for Appellees.

STOKES, J.

## Introduction

Before the Court is Appellee, Hometown Rehoboth Bay, LLC's ("HRB"), Motion to Dismiss or Otherwise Limit the Scope of Appeal. For the following reasons, the Motion is **DENIED**.

## Factual and Procedural History

The Appellants, John Iacona and Robert Weymouth ("Appellants"), challenged a rent increase imposed by HRB, the managing entity of the manufactured home resort community in which Appellants are tenants. Appellants brought this challenge under the Manufactured Homeowners and Manufactured Community Owners Act, commonly called the Rent Justification Act ("Rent Justification Act" or "Act").[1] Each man filed a petition for arbitration on his individual behalf, but later claimed to collectively represent a large proportion of the community population.[2] After an unfavorable decision by the Arbitrator assigned to resolve the dispute, Appellants appealed to the Superior Court.[3] On May 1, 2017, HRB filed this Motion to Dismiss or Limit the Scope of Appeal, which seeks to either limit the scope of the case to the two homeowners who originally filed petitions for arbitration or dismiss the case altogether. On June 28, 2017, Appellants filed their response, arguing that all of the homeowners they purport to represent are proper parties to the appeal. Oral argument was held on February 8, 2018.

First, a review of the Rent Justification Act is helpful. The Delaware Court of Chancery case, *December Corporation v. Wild Meadows Home Owners Association*, summarizes the Rent Justification Act well:

---

[1] 25 *Del. C.* § 7040, *et seq.*

[2] By the time of this decision, all but 21 homeowners had settled their claims.

[3] Section 7040 allows the Superior Court to review all aspects of the Arbitrator's decision for legal error. The Court only may consider the information contained in the record. Here, the Appellee's present a mixed question of law and fact which may be properly considered by this Court.

1

In 2013, the Delaware General Assembly enacted the Rent Justification Act (the "Act"). The Act requires the owners of manufactured home communities ("Community Owners") to "justify" certain increases in annual rents that Community Owners charge to manufactured home owners who lease the land. Pursuant to the Act, if a Community Owner seeks to increase annual rents by an amount greater than the three-year average increase in the Consumer Price Index (the "CPI-U"), the Community Owner must justify the increase by meeting one of eight statutory justifications.

In order to perfect *any* increase in rent, the Act requires that Community Owners follow specific procedures to notify its residents. At least 90 days before the effective date of a proposed rent increase, the Community Owner must send a notice to three parties: the affected home owners, the HOA, and the Authority. If the proposed rent increase exceeds the three-year average increase in the CPI-U, the Community Owner must also schedule a meeting between the parties to "discuss the reasons for the increase." The meeting must be held within 30 days of sending the notice of the proposed rent increase. Finally, within 30 days of the meeting, any dissenting home owner or the HOA representing any dissenting home owner may petition the Authority to appoint an arbitrator to conduct nonbinding arbitration proceedings.[4]

As previously stated, Appellants opposed the rent increase, so after undergoing the proper procedures, they petitioned for arbitration under 25 *Del. C.* §7043. As a preliminary matter, the Arbitrator addressed which home owners had standing to challenge the rent increase through arbitration. This is also the focus of the instant Motion. The Appellants were the only two home owners to sign the arbitration petitions. No petition was brought by the registered home owners association ("HOA"). However, Appellants argue that they represent a much larger portion of the community. They have provided a sign-up sheet showing the signature of the home owners they purport to represent. HRB argued that Iacona and Weymouth only had standing to challenge their individual rent increases.

After reviewing the parties' submissions and the applicable law, the Arbitrator found that the Appellants were acting as representatives of the larger HRB community. Thus, the decision would apply to all parties listed on the sign-up sheet, not the Appellants only. The Arbitrator

---

[4] *December Corp. v. Wild Meadows Home Owners Ass'n*, 2015 WL 9301813, at *2 (Del. Ch. Dec. 22, 2015)(internal citations omitted).

2

wrote, "...based on a plain reading of the language in the statute, and particularly in light of the current precedent from the courts, the steps taken and procedures followed by Mr. Iacona, and the home owners he has designated to represent, meet the legislative intent behind the governing statute to make him their representative."[5]

The decision also went on to explain why it was unlikely that the HOA would have taken the issue forward, stating "What is clear is that the purported home owners association for the community and the community at large were not of a single mind. Indeed, the evidence seems indisputable that the vast majority of the home owners did not feel their interests were being represented by the home owners association."[6]

The Arbitrator placed a great deal of weight on the Court of Chancery case, *December Corporation v. Wild Meadows Home Owners Association, et al.*, which dealt with a similar issue. In that case, the property owner asserted that the unincorporated association of home owners did not have standing to challenge the rent increase. The Court of Chancery held:

> Based on the purpose provided in the statute itself, the General Assembly expressly intended to expand protection for manufactured home owners while simultaneously preserving the Community Owners a right to a fair return on the property. The statute accomplishes that purpose by allowing rent increases above the inflation rate, but only where justified by statutory factors. It allows for enforcement of this mechanism through a low-cost alternative, arbitration. Finally, it broadly conveys the right to seek arbitration on "any [dissenting] affected home owner" or on "the home owners' association on behalf of 1 or more [dissenting] affected home owner." This to me evinces an intent on the part of the legislature to broadly provide access to arbitration to home owners or those representing them.[7]

The Arbitrator noted that the petitioners in *December Corporation* were organized into an unofficial home owners' association, whereas the Appellants do not claim to be such. However,

---

[5] Arbitration Order, March 6, 2017.
[6] *Id.*
[7] *December Corporation v. Wild Meadows Home Owners Association, et al.*, 2015 WL 9301813, at *6 (Del. Ch. Dec. 22, 2015).

3

he found this distinction to be inconsequential. The Arbitrator required all interested parties to file "Arbitration Affidavits" expressing the homeowner's desire to pursue arbitration and allowed the proceedings to continue.

## Analysis

At base, this case presents an issue of standing.[8] The Court must determine whether the Appellants had the authority to bring this appeal on behalf of the larger community. After considering the applicable statute, case law, and the facts of this case, the Court concludes that all parties involved do have standing. The homeowners concerned have formed an unofficial homeowner's association or an association-in-fact, which, in the Court's view, has the right to appeal the decision of the Arbitrator.

In *December Corp. v. Wild Meadows Home Owners Association*, the Court of Chancery considered the meaning of "home owners' association" as used in § 7043(c) of the Rent Justification Act. According to the Vice Chancellor, Glasscock, the Delaware General Assembly intended for the term to be interpreted broadly. The Court wrote,

> Due to the expansive purpose of the statute, I find that the General Assembly did not intend to restrict the availability of arbitration to only a single HOA per park, or to an HOA that has registered with the Authority; so long as an HOA represents a dissenting home owner, it may seek arbitration, as could the home owner herself.[9]

Thus, the Chancery Court held that the term included "any HOA that files a petition with the Authority on behalf of one or more dissenting home owners."[10] Applying this holding to the case at bar, the Court finds that the dissenting homeowners concerned have banded together for

---

[8] The Court notes that this holding is limited to the Rent Justification Act. The ideas expressed in the following analysis may not apply to broader issues of standing in the general litigation context.
[9] *Id.*
[10] *Id.* at *8.

4

the particular purpose of challenging the determinations of the Arbitrator, forming an association-in-fact, which has standing to appeal the Arbitrator's decision.

This holding is further underpinned by the idea that the term "association" is vague. American Jurisprudence states, "The word 'association' is one of vague meaning, used to indicate a collection of persons who have joined together for a certain object."[11] Given the somewhat undefined nature of an association, it is reasonable for the Court to find that the Appellants formed an association-in-fact. The following facts support this conclusion: (1) all of the homeowners had attended the meetings regarding the rent increase, (2) each homeowner contributed to the payment of the arbitration fee, and (3) the Arbitrator required each homeowner to sign an affidavit stating his or her intent to voluntarily join the group of residents seeking to pursue arbitration. The affidavit requirement shows that there was some question about the bona fides of the homeowners' standing in the arbitration, but that the Arbitrator took the necessary steps to ensure that all involved intended to be represented by Iacona and Weymouth.

Finally, the Court considers the overall purpose of the Rent Justification Act and how that should influence the procedural aspects of the law. The Rent Justification Act serves a remedial purpose. The Act recognizes the power disparity between homeowners in manufactured home communities and the owners of such communities, and seeks to ensure that the homeowners are fairly treated. The general intent of the statute should not be undermined by relatively minor procedural defects. Here, all of the homeowners involved have suffered an injury as a result of the rent increase; therefore, each concerned homeowner should be allowed to pursue the protections afforded by the law. Moreover, given that the statute first establishes an administrative framework under which the homeowners may seek relief, it is reasonable for the Arbitrator to have relaxed the procedural requirements. In short, despite the Appellants' failure

---

[11] 2B Am. Jur. Pl. & Pr. Forms Associations and Clubs § 1.

to perfectly follow the technical requirements of the Act, the injured parties should not lose the potential remedy supplied by the law. Therefore, all homeowners concerned may challenge the ultimate findings of the Arbitrator.

## Conclusion

For the foregoing reasons, the Appellee's Motion is **DENIED**.

**IT IS SO ORDERED.**